### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**DONOVAN FORD, CARRIE GALAN, JAMES
GILMER, JUDY MILLS, and BILLIE J. NORRIS,**
**on behalf of themselves and others similarly situated**                    **PLAINTIFFS**

**V.**                              **CASE NO. 4:08cv00509 BSM**

**TOWNSENDS OF ARKANSAS, INC., and
TOWNSENDS, INC.**                                        **DEFENDANTS**


### ORDER

Plaintiffs move for conditional collective action certification pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*., (Doc. Nos. 50, 61), and class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure for violations of the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201 *et seq*., and common law quantum meruit. (Doc. Nos. 63, 121). Plaintiffs allege, on behalf of themselves and others similarly situated, that defendants, Townsends of Arkansas and Townsends Inc., (together, "Townsends"), do not compensate their production and support employees for all the time they spend putting on, taking off, and sanitizing personal protective equipment and walking to and from their workstations during the work day. Townsends opposes plaintiffs' motions, (Doc. Nos. 57, 112), arguing that individual issues preclude certification under the FLSA and Rule 23(b). For the following reasons, plaintiffs' motions are granted.

### I. PROCEDURAL HISTORY

On May 15, 2009, plaintiffs filed their motion for conditional collective action

certification pursuant to the FLSA, 29 U.S.C. § 216 (Doc. No. 50).  On June 15, 2009,

plaintiffs filed their motion for Rule 23 class certification (Doc. No. 63).  In both motions,

plaintiffs moved for class certification of Arkansas and North Carolina plaintiffs.   On

January 21, 2010, the North Carolina plaintiffs were dismissed for lack of personal

jurisdiction (Doc. No. 126). Plaintiffs now request class certification for the Arkansas

plaintiffs.

## II. BACKGROUND

Townsends of Arkansas is an Arkansas corporation that slaughters and processes

chickens for wholesale distribution at its facility in Batesville, Arkansas. Plaintiffs' amended

complaint ¶ 16 (Doc. No. 75). ("Am. Compl.").  Townsends Inc., is a Delaware corporation

and the parent company of Townsends of Arkansas. *Id*. at ¶ 15.  Plaintiffs Donovan Ford,

Carrie Galan, James Gilmer, Judy Mills, and Billie J. Norris, are production line employees

at the Batesville, Arkansas facility. *Id*. at  ¶ 9.

Townsends' Batesville facility has approximately 820 employees in its production and

support operations. Murray Bryan Declaration ¶ 18 (Doc. No. 59). ("Bryan Decl.").

Chickens are slaughtered and processed on a day shift and a night shift.  *Id*. at ¶ 5.  At the

conclusion of the night shift, the plant is sanitized by the sanitation department. *Id*.  The

production operations of the plant include: dressing, evisceration, cut-up, breast deboning,

leg deboning, portioning, marination, individual quick frozen production, and various

packaging operations. *Id*.  Sanitation employees are responsible for cleaning machinery,

2

floors, and all product contact surfaces throughout the plant. Plaintiffs' statement of the facts pursuant to local rule 23.1 ¶ 2 (Doc. No. 63).("Pls.' SOF").

Production and support employees at Townsends are required to wear protective gear, which may include but is not limited to, smocks, bump caps, hearing protection, hairnets, beard nets, rubber gloves, steel-toed boots, cut-resistant gloves, and safety goggles. Bryan Decl. ¶ 6.  The exact combination of protective and sanitary items worn by employees varies by department and individual.  *Id*.  The purpose of this equipment is to protect workers from environmental conditions and possible injuries and to protect the chicken from contamination. Pls.' SOF at ¶ 3. Employees are required to don (put on), doff (take off), and sanitize this personal protective equipment prior to and at the conclusion of the workday. Donovan Ford Affidavit ¶ 7, Pls.'Ex. D (Doc. No. 52).("Ford Aff.").  Employees are also required to perform the same duties prior to and at the conclusion meal breaks. *Id*. at ¶ 12-13.

All employees at the Batesville facility are required to clock in when they first arrive at work. Anthony Maturo Deposition, 138-139, 158, Pls.' Ex. C (Doc. No. 52).("Maturo Dep.").  This time, however, has nothing to do with how the employees are ultimately paid. *Id*. at 158.  Instead, employees are paid by either line time, punch-to-punch, shift time or sunshine pay, depending on their job and the department in which they work.  Bryan Decl. ¶ 7-10.

The vast majority of employees are paid on a line time basis. *See* Pls.' Ex. B, Doc. No. 52.  Line time is based on the beginning and end of productive activities in each department.

Bryan Decl. ¶ 12.  Under line time,  killed chickens are placed on a moving mechanical line and the bird is processed as it moves down the line and through the plant. Pls.' SOF ¶ 6-7. Townsends begins line time at a pre-determined start time and ends line time when the last bird reaches the particular department in question. *Id*.

Maintenance employees are paid on a punch-to-punch basis. Pls.' Ex. B, Doc. No. 52. Punch-to-punch employees are paid from the time they punch the time clock at the beginning of their shift until they punch the time clock at the conclusion of their shift. Bryan Decl. ¶ 7.

Other employees are paid by shift time. Pls.' Ex. B, Doc. No. 52.  Shift time employees are paid based on the time of their shifts, which have designated start and stop times each day. Bryan Decl. ¶ 8.

Finally, sanitation employees are paid sunshine pay.  *Id*. at ¶ 10.  Sunshine pay employees are paid for eight hours even when they complete their work in less than eight hours. *Id*.  If a sunshine pay employee works longer than eight hours, he or she receives overtime pay. *Id*.

Townsends pays certain employees for a fixed amount of time known as "plug time" to compensate them for time spent donning, doffing, sanitizing, and walking to and from their work stations. Bryan Decl. ¶ 9, 13.  In May 2006 Townsends began paying "plug time" to  production employees paid by "line-time."  Maturo Dep. 35.  These employees receive anywhere from 3 to 11.32 minutes of "plug time" for donning and doffing activities each shift depending on the department in which they work. Bryan Decl. ¶ 13. Townsends also

pays plug time to lead and floor employees. Bryan Decl. ¶ 9. Townsends does not record the actual time any of their employees spend for donning, doffing and related activities regardless of how they are paid. Maturo Dep. 49-50. Plaintiffs allege that plug-time payments do not fully compensate employees for donning, doffing, sanitizing, and walking to and from their workstations during the workday.

## III. DISCUSSION

Plaintiffs, on behalf of themselves and others similarly situated, seek conditional certification of their FLSA claims as a collective action.  Plaintiffs also seek, on behalf of themselves and others similarly situated, Rule 23 class action certification for violations of the AMWA and for common law quantum meruit.

A.      <u>Collective Action Certification Under Fair Labor Standards Act</u>

Plaintiffs' motion for conditional certification is granted as to the class of current and former Townsends' employees consisting of all non-exempt, hourly paid, production or support employees in the Batesville chicken processing plant.

The FLSA authorizes collective actions for "similarly situated" employees to recover damages for violations of its overtime and record-keeping provisions. *Helmert v. Butterball*, No. 4:08CV00342, 2009 WL 5066759, at *3 (E.D.Ark. Dec. 15, 2009); 29 U.S.C. § 216(b)(2006)).  "These collective actions are intended to serve the interests of judicial economy and to aid in the vindication of plaintiffs' rights." *Id*. Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an opt-in basis requiring employees to

provide their consent in writing to join the action. *Id*; 29 U.S.C. § 216(b).

The phrase "similarly situated" is not directly defined by the FLSA and has not been clearly defined by the Eighth Circuit; however, this district and other district courts within the Eighth Circuit have applied a two step approach in determining whether a proposed class is similarly situated. *See e.g., Helmert*, 2009 WL 5066759, at *3. First, there is a notice stage and, second, there is an opt-in merits stage. *Id.*

During the notice stage, which occurs very early in the litigation, a class is conditionally certified for notice purposes upon the plaintiffs' motion. *Id.* A class is similarly situated at this stage if plaintiffs make a modest factual showing, based on the pleadings and affidavits, that the proposed class members were victims of a single decision, policy, or plan." *In re Pilgrims Pride FLSA Litig.,* No. 1:07CV1832, 2008 WL 4877239, at *3 (W.D. Ark. Mar. 13, 2008); *Kautsch, v. Premier Communications*, 504 F.Supp.2d 685 (W.D. Mo. 2007). Class members need not be identically situated. *Helmert*, 2009 WL 5066759, at *3. "The more stringent factual inquiry as to whether the plaintiffs are similarly situated is made only after a more substantial record has been amassed." *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008) (citing *Dietrich v. Liberty Square, LLC.*, 230 F.R.D. 574, 576-577 (N.D. Iowa 2005).

The second stage comes after discovery is largely completed and is usually prompted by the defendant's motion to decertify the class. *Frank v. Gold'n Plump Poultry, Inc*., No. 041018, 2005 WL 2240336, at *3 (D. Minn. Sept. 14, 2005). The court then uses a stricter

standard to determine whether the putative class members are similarly situated and whether the trial should proceed collectively. *Helmert,* 2009 WL 5066759, at *3. To maintain a class at the second stage, plaintiffs must show that they are similarly situated with respect to their job requirements and pay provisions. *Id.* at 6. "Courts will consider three factors at this second stage: (1) the employment and factual settings of the plaintiffs; (2) the various defenses available to the defendants; and (3) considerations of fairness, procedure, and manageability." *Id.*

Townsends gives four reasons why plaintiffs' motion for FLSA class certification should be denied. First, the more rigorous standard for certification should apply because this case is beyond the notice stage in that "substantial discovery" has taken place. Second, plaintiffs have failed to show that they are subject to a common policy or plan because department supervisors have discretion in determining pay policies, including determining the amount of plug-time employees are due. Third, the proposed class is not similarly situated because it includes employees paid by punch to punch, shift time, and sunshine pay as well as line time. Fourth, the proposed class is not similarly situated because the amount of time spent donning, doffing, sanitizing and performing related activities varies by department, employee, and the type of equipment required.

In that the parties have engaged in very limited discovery, Townsends' request to apply the more stringent second stage analysis is denied. *See Helmert*, 2009 WL 5066759, at *6 (citing *Gieske v. First Horizon Home Loan Corp.,* 408 F.Supp.2d 1164, 1166-67

(D.Kan. 2006).  The record shows that the parties expressly stipulated that they would not engage in extensive merits-based discovery until after the motion for conditional certification was resolved. *See* Parties joint rule 26(f) report ¶ 6 (Doc. No. 15).  Indeed, even the final scheduling order provides that the merits discovery deadline will be determined only after a ruling on plaintiffs' motions for collective action and class action certification. Final scheduling order (Doc. No. 16).  Therefore, it would be inappropriate to apply the more stringent second sage analysis.

Next, there is sufficient evidence that the proposed class is similarly situated.  The record indicates that the members of the proposed class work in the same plant, are subjected to common policies, and are seeking redress for similar conduct by the same employer. *See Helmert*, 2009 WL 5066759, at *4 (conditionally certifying FLSA action where defendant's had a common policy against compensating its employees for the full amount of time each employee spent on donning and doffing related activities); *Busler v. Enersys Energy Prods., Inc.,* No. 09-00159, 2009 WL 2998970, at *3 (W.D.Mo. Sept. 16, 2009) (granting certification where the ultimate question in the case was: "does the law require defendant to pay its employees for donning and doffing safety equipment and for walking to and from their workstations).  Although Townsends argues that individual supervisors have discretion regarding pay decisions, this does not negate plaintiffs' allegations that a common policy exists at the Batesville facility. *See Frank*, 2007 WL 278504, at *3 (rejecting defendants argument that there was no common policy where individual supervisors exercised discretion

in pay decisions).

While it is true that some courts have denied conditional certification where employees are paid by different pay systems, these cases are instructive but not determinative.  First, *Carlson v. Leprino Foods Co.,* No. 1:05CV798, 2006 WL 1851245 (W.D.Mich. June 30, 2006), and *Fox v. Tyson Foods, Inc.,* No. 4:99CV1612, 2006 WL 6012784 (N.D. Ala. Nov. 15 2006) are inapposite because they involved multi-facility, multi-state employee classes.  The members of the proposed class herein  all work for the same employer at the same facility.  Second, although *Robinson v. Tyson Foods, Inc.,* 254 F.R.D. 97, 101-102 (S.D.Iowa Nov. 12, 2008) and *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870 (N.D.Iowa 2008)(holding same), are somewhat similar to this case, other Eighth Circuit cases have ruled differently.  *See Helmert*, 2009 WL 5066759, at *3 (Eastern District of Arkansas holding that plaintiffs were similarly situated for conditional certification purposes where employees were paid by three different timekeeping systems); *See also Busler*, 2009 WL 2998970, at *3 (W.D.Mo. Sept. 16, 2009)(granting conditional certification where employees were subject to different pay systems).

Finally, to the extent that pay systems and amount of time spent donning, doffing, sanitizing and walking differs by department and employee, simply identifying differences between the parties is not enough to defeat a motion for conditional certification at this notice stage. *Helmert*, 2009 WL 5066759, at *4.   Even if these differences may affect plaintiffs' ability to prove liability, the merits of the parties' claims and defenses are not reached at the

conditional certification stage. *Id.* Moreover, these differences are likely more appropriately addressed at the damages stage.  *See* *Spoerle v. Kraft Foods Global, Inc*., 253 F.R.D. 434, 439-440 (W.D.Wisc. 2008) (noting that "in any class action for damages, no two parties will ever have exactly the same claim").

Townsends also argues that plaintiffs' FLSA action should not be conditionally certified because plaintiffs fail to offer evidence that any potential class members desire to opt-in to the litigation. This argument, however, was rejected in *Helmert*, 2009 WL 5066759, at *4-5.

For the reasons set forth above, plaintiffs' motion for conditional collective action certification pursuant to the FLSA is granted.

B.      Rule 23 Class Certification

Plaintiffs request for certification of their AMWA and common law quantum meruit claims pursuant to Federal Rule of Civil Procedure 23(b)(3) is granted and its request pursuant to Rule 23(b)(2) is denied.

Plaintiffs allege multiple violations of the AMWA.  First, plaintiffs allege that Townsends violated the overtime, Ark. Code Ann. 11-4-203, and record keeping, Ark. Code R. § 010.14-102, provisions of the AMWA because they not only failed to pay their employees for donning and doffing but also failed to even record these activities.  Am. Compl. ¶ 70-78.  Second, plaintiffs allege that Townsends failed to compensate their employees for straight time in violation of Ark. Code Ann. § 11-4-218. Am. Compl. ¶ 79-85.

10

Third, plaintiffs allege that Townsends failed to compensate their employees for donning and doffing related activities prior to and at the conclusion of 'bona fide' meal breaks in violation of Ark. Code R. § 010-14-108. Am. Compl. ¶ 86-93.   Fourth, Plaintiffs allege that Townsends violated Ark. Code. Ann §§ 11-4-218, 11-4-213 and Ark. Code R. 010.14-107, by making unlawful wage deductions from their employees' paychecks to purchase replacement donning and doffing equipment. Am. Compl. ¶ 94-100.

In addition to these alleged statutory violations, plaintiffs claim common law quantum meruit.  In doing so, they allege that Townsends' refusal to pay employees for all donning and doffing related activities resulted in employees conferring a benefit on Townsends, for which they were not compensated.  Am. Compl. ¶ 101-106.

Plaintiffs argue that Rule 23 class treatment of the following is appropriate:

> All persons who are or were employed by Townsends of Arkansas, Inc., and/or Townsends, Inc. ("Townsends"), as non-exempt, hourly paid, production or support employees at Townsends' chicken processing plant located in Batesville, Arkansas, who have been employed by Townsends any time since October 1, 2006 to the present.

Townsends disagrees, and argues that class certification is inappropriate because these potential plaintiffs cannot meet the commonality, typicality, and predominance requirements of Rule 23.

### 1. Rule 23(a) Standard

Plaintiffs' claims satisfy the requirements of Rule 23(a).  District court's have broad discretion in determining whether to certify a class.  *Gilbert v. City of Little Rock*, 722 F.2d

1390, 1399 (8th Cir. 1983). Rule 23(a), however, provides that to obtain class certification, the plaintiffs must prove that: (1) the class is so numerous that joinder of all members is impracticable ("Numerosity"); (2) there are questions of law or fact common to the class ("Commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("Typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("Adequate Representation"). Fed. R. Civ. P. 23(a); *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982). In analyzing these factors, the question is not whether plaintiffs have stated a cause of action or will prevail on the merits. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974). The only issue is whether plaintiffs have satisfied Rule 23.

      a. <u>Numerosity</u>

Plaintiffs' claims meet the numerosity standard. Rule 23(a)(1) requires an inquiry into whether the class is so "numerous that joinder of all members is impracticable." *Paxton*, 688 F.2d at 559. Although no arbitrary rules regarding the necessary class size exists, the plaintiff has the burden of establishing that numerosity exists. *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983). Townsends does not dispute that plaintiffs have met its numerosity requirement. Plaintiffs proposed class consists of production and support employees at Townsends' Batesville facility at any time since October 1, 2006. Townsends currently employs approximately 820 employees at the Batesville facility. Although these numbers do not account for all persons employed since October 1, 2006, they provide sufficient evidence

of numerosity to satisfy plaintiffs burden.  *See Helmert,* 2009 WL 5066759, at *7.

       b.    <u>Commonality</u>

Plaintiffs' claims satisfy the commonality standard.  The commonality requirement of Rule 23(a)(2) requires that there be common questions of law or fact among the members of the class. *Paxton*, 688 F.2d at 561.  Plaintiffs  may satisfy this burden by showing that "the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Robinson v. Sears, Roebuck & Co.*, 111 F.Suppp. 2d 1101, 1120 (E.D.Ark. 2000).  This requirement is usually met by showing that there is a single legal issue common to all members of the class. *Id*. Therefore, factual differences are not fatal if common questions of law exist. *Id.*

Townsends makes substantially similar arguments on commonality as they made in their response to plaintiffs motion for conditional class certification; namely that individual issues overwhelm any common questions.  *See* III.A., *supra*.  In particular, Townsends argues that commonality is destroyed because of differences in (1) employee pay systems (2) plug-time payments for certain employees required to don and doff (3) variances in donning and doffing requirements by department, employee, and the type of equipment required, (4) the need to prove that each employee worked more than forty hours a week (to be eligible to recover under AMWA), and (5) the need to prove that each employee's break was less than twenty minutes.

Plaintiffs have shown that the common legal question shared by the members of the

proposed class is whether the AMWA and/or common law quantum meruit requires

Townsends to compensate their employees for donning and doffing related activities.  *See*

*Helmert*,  2009 WL 5066759, at 8 (finding commonality satisfied where the proposed class

was paid according to three different systems).  The record indicates that all members of the

proposed class donned, doffed, and sanitized equipment at the same plant, during the same

period.  Moreover, the proposed class members were not paid for these alleged activities.

Plaintiffs and the proposed class have at least one common question of law; thereby

satisfying the commonality pre-requisite.

      c.    Typicality

     Plaintiffs' claims satisfy the typicality requirement.  The typicality requirement of

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of

the claims or defenses of the class. *Paxton*, 688 F.2d at 561.  This requirement is usually

fairly easily met by showing that the claims of the proposed class members stem from a

single event or are based on the same legal or remedial theory. *Id*. at 561-62.  If the plaintiff

succeeds on this showing, "factual variations in individual claims will not normally preclude

class certification." *Lang v. Kansas City Power & Light Co.,* 199 F.R.D. 640, 647 (W.D. Mo.

2001).

     Townsends' objections to the typicality requirement are the same as those stated for

commonality; that individual issues abound.   The proposed class members, however, share

the same legal theory, which is that Townsends violated the AMWA by failing to pay them

for all compensable work time.  They all claim that donning and doffing activities are compensable under AMWA and common law quantum meruit.

Although Townsends argues that they pay some amount of "plug-time" to certain plaintiffs, this does not automatically destroy typicality.  *Abadeer v. Tyson Foods, Inc.,* No. 3:09-00125, 2009 WL 4110295, at *13 (M.D.Tenn. Nov. 25, 2009) (certifying Rule 23 class in donning and doffing case where some employees where paid a baseline additional fee for time spent donning, doffing, and related activities).  This argument would be more properly considered should this case ever get to a damages stage. *Spoerle*, 253 F.R.D. at 439-440. Addressing similar issues, the court in *Spoerle* held that although individual issues remained, they did not destroy class certification because they can be considered at the damages stage. *Id*.  Therefore, any factual differences between Townsends' Batesville employees are not fatal to plaintiffs' request for class certification.  *Robinson*, 111 F.Supp.2d at 1120.

d.   Adequacy

Plaintiffs' claims satisfy the adequacy requirement.  The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel. *Paxton*, 688 F.2d at 562-563.  The named plaintiffs allege that they have been denied compensation for donning and doffing personal protective equipment and related activities.   There is no indication that their desire to receive additional compensation will be adverse to the class's interests. Moreover, they have indicated a

willingness to prosecute their claims through qualified counsel.

### 2. Rule 23(b)Categories

The requirements of Rule 23(b)(2) are not met herein and the requirements of Rule 23(b)(3) are met.

In addition to meeting the Rule 23(a) requirements, the proposed class must fall into one of three categories set out in Rule 23(b).  Plaintiffs primarily seek certification under Rule 23(b)(2), which requires them to show that the opposing party acted or refused to act on grounds that generally apply to the class so that injunctive or declaratory relief is appropriate; and Rule 23(b)(3), which requires them to show that questions of law or fact common to the members of the class predominate over questions affecting only individual members and that a class action is superior to other available methods of adjudicating these disputes.

a.   Rule 23(b)(2)

Plaintiffs do not satisfy the requirements of Rule 23(b)(2) because it does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages. *Riedel v. XTO Energy, Inc.,* 257 F.R.D. 494, 513 (E.D.Ark. 2009).  In actions where plaintiffs seek monetary relief as well as injunctive and declaratory relief, plaintiffs must show that the injunctive and declaratory relief dominates. *Id.* It is clear that plaintiffs' claims for compensation for their alleged loss is what is driving this lawsuit and therefore plaintiffs do not satisfy this rule.

b.      Rule 23(b)(3)

The requirements of Rule 23(b)(3) are met because the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual members and because a class action is superior to other available methods of adjudicating these disputes

i. Predominance of Common Legal Issues

Class action is proper under Rule 23(b)(3) when there are central issues that are common to the class and can be said to predominate. *Lopez v. Tyson Foods*, No. 8:06CV459, 2008 WL 3485289, at 29 (D.Neb. Aug. 7, 2008).  This is true even when there are other important matters that have to be tried separately. *Id*.  To determine if common questions predominate, the court must conduct a limited preliminary inquiry, looking beyond the pleadings to determine whether a prima facie case can be made out with the evidence that is common to all the proposed class members. *See Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005).  In conducting this inquiry, the allegations are taken as true.  "If the members of the proposed class need to present evidence that varies from member to member to make a prima facie showing of a given question, then it is an individual question.  If the same evidence will suffice for each member to make a prima facie showing, then it is a common question." *Bradford  v. Union Pacific R.R. Co.*, No. 05CV4075, 2007 WL 2893650, *8 (W.D.Ark. Sept. 28, 2007).

Common issues persist as to the proposed class members and these issues predominate

17

over the individual cases.  All class members allege that they were victims of a common policy against compensating employees for all time spent donning, doffing and related activities. *See Helmert*, 2009 WL 5066759; *Spoerle,* F.R.D. at 441.  Additionally, plaintiffs allege that common evidence will be produced to prove that this policy violated the AMWA and Arkansas common law. *See Garcia*, 255 F.R.D. at 691.

Next, although individual damages may vary for some class members, these damages issues do not predominate.  A vast majority of class members are compensated by line time. Allowing employees who are not paid by line time to join in this litigation will allow them to resolve their common legal issues without forcing each to pursue smaller individual lawsuits.

### ii. Superiority of Class Action

Class action is superior to the separate adjudication of these cases because it will permit a large number of similar claims to be adjudicated without the expense of adjudicating them separately.  Further, because many of the cases involve limited damages, many potential plaintiffs would have no incentive to pursue these claims individually. *See Spoerle*, at 441. Therefore, the dictates of Rule 23(b)(3) are satisfied.

### IV Notice.

To aid them in notifying potential class members, plaintiffs seek electronic production of Townsends' employee contact information, including names, last known mailing addresses, telephone numbers, job titles, and Social Security numbers.  Plaintiffs also request

that opt-in plaintiffs be given 120 days, (evidenced by postmark) from the date of the mailing of notice in which to file their consent forms.  Plaintiffs further request that Townsends be ordered to post a copy of the notice in both English and Spanish at the Batesville, Arkansas, facility, in a place visible and accessible to production and support employees.

Plaintiffs' request is granted with the exception of production of Townsends' employees' Social Security numbers.  Plaintiffs are directed to submit a revised proposed notice, consistent with this order, within twenty days of the entry of this order.  Townsends may file objections to plaintiffs' revised proposed notice, along with their own proposed notice, within five days of the date that plaintiffs submit their revised proposed notice.

## V. CONCLUSION

Accordingly, plaintiffs motions for conditional certification pursuant to the Fair Labor Standards Act (Doc. No. 50), and for Federal Rules of Civil Procedure 23(b)(3) for violations of the Arkansas Minimum Wage Act and Arkansas common law quantum meruit (Doc. No. 63) are granted.  Plaintiffs' counsel, Zimmerman Reed P.L.L.P. and Larson King, LLP, are hereby appointed as counsel for this action.

IT IS SO ORDERED this 9th day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE